SANDRA D. HAUSER (*pro hac vice* app forthcoming)
sandra.hauser@dentons.com
JEFFREY A. ZACHMAN (*pro hac vice* app forthcoming)
jeffrey.zachman@dentons.com
NORMAN M. ASPIS (CA Bar No. 313466)
norman.aspis@dentons.com
DENTONS US LLP
4655 Executive Drive, Suite 700
San Diego, CA 92121
Tel: 619-236-1414
Fax: 619-232-8311

Attorneys for Defendant METROPOLITAN TOWER LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Susan M. Holderman, Individually; as Successor-in-Interest to Kermit Holderman; on Behalf of the Estate of Kermit Holderman; and on Behalf of the Purported Class,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN TOWER LIFE INSURANCE COMPANY and DOES 1 through 300, Inclusive,<br><br>Defendant. | **'23CV1650 CAB KSC**<br><br>DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446<br><br>Date Action Filed: August 17, 2023 |

TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA.

PLEASE TAKE NOTICE that Defendant Metropolitan Tower Life Insurance Company, contemporaneously with the filing of this Notice of Removal, hereby seeks removal of the below-referenced action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

The removal is based on 28 U.S.C. §§ 1332, 1441, and 1446, specifically on the following grounds:

1. On August 17, 2023, Plaintiff Susan Holderman filed a Complaint with the Superior Court of the State of California, County of San Diego, Case No. 37-2023-00035859-CU-IC-CTL (the "Action"). Defendant received copies of the Summons and Complaint in the Action via counsel, together with a request for acknowledgment of service, which was returned and deemed accepted as of September 5, 2023. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons and Complaint with which Defendant was served in the Action is attached as **Exhibit A**.

2. In the Action, Plaintiff individually and on behalf of a purported class alleges a violation of Business & Professions Code §§ 17200, *et seq*. (the "UCL") in connection with life insurance policy lapses. Plaintiff argues that such lapses did not comply with California Insurance Code §§ 10113.71 and 10113.72.

3. This Court has jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. As a separate and independent basis for jurisdiction, this action is also removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this is a purported class action alleged to involve more than 100 putative class members, the aggregate amount in controversy excluding interest and costs exceeds $5,000,000, and there is minimal diversity.

## DIVERSITY OF CITIZENSHIP

4. For the purpose of citizenship, an individual is a citizen of a state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Similarly, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Finally,

for the purpose of determining diversity for jurisdictional purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015) (holding that "Does" named in Complaint without any indication as to their identities or relationship to the action are wholly fictitious and properly disregarded for jurisdictional purposes). Where, as here, a plaintiff brings an action purportedly on behalf of a class, the court looks only to "the citizenship of the named plaintiffs at the time the action is filed." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 931, n.2 (9th Cir. 2001), *holding modified on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

5. Plaintiff alleges she "is and has been a resident and citizen of California at all times relevant." (Compl. ¶ 6). Plaintiff is thus a citizen of California.

6. Defendant is incorporated in Nebraska and its principal place of business is in New York. Defendant is thus a citizen of Nebraska and New York.

7. Plaintiff's Complaint fails to identify DOES 1-300. (Compl. ¶ 28).

8. Thus, there is complete diversity of citizenship between Plaintiff and Defendant under 28 U.S.C. §§ 1332(a).

9. Additionally, 28 U.S.C. § 1332(d) allows for diversity where there are 100 purported class members, and at least one class member is diverse from at least one defendant. Plaintiff alleges that her proposed class would "contain hundreds and perhaps thousands of members." (Compl. ¶ 58). As explained above, complete diversity exists between Plaintiff and Defendant. Thus, this matter also meets the minimal diversity requirement of 28 U.S.C. § 1332(d).

## AMOUNT IN CONTROVERSY

10. Plaintiff's Complaint is silent as to the total amount in controversy, but seeks judgment for monetary restitution where available under the UCL, as well as attorneys' fees and costs. Plaintiff further alleges that that Defendant has "robbed"

her of money consisting of "policy coverage, value, and/or benefits." (Compl. ¶¶ 75-76). She specifically claims the Action is premised on a policy with a $300,000 face value. (Compl. ¶ 42). *See Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 756 (9th Cir. 2018) (holding that when the action seeks a policy benefit, that is the amount in controversy). The amount in controversy as to Plaintiff's individual claim alone thus well-exceeds the $75,000 threshold to establish diversity jurisdiction under 28 U.S.C. §§ 1332(a).

11. Plaintiff additionally seeks attorneys' fees and costs, which often exceed the minimum jurisdictional amount on their own. *See Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (holding that Court was within its discretion to find that attorneys' fees would exceed jurisdictional limit).

12. Plaintiff additionally alleges that her class claims relate to comparable policies for hundreds or thousands of purported class members. (Compl. ¶ 58).

13. Accordingly, the amount in controversy in Plaintiff's Complaint definitively exceeds $75,000 and satisfies the amount-in-controversy requirement of 28 U.S.C. §§ 1332(a), as well as the $5,000,000 requirement of 28 U.S.C. §§ 1332(d), to establish diversity jurisdiction.

## TIMELINESS OF REMOVAL

14. Defendant received a copy of the Summons and Complaint in the Action on August 22, 2023.

15. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of Defendant's notice and receipt of Plaintiff's Complaint.

## VENUE IS PROPER

16. The Action was filed in the Superior Court of the State of California, County of San Diego, and venue is therefore proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391, 1441(a), and 1446.

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CA 92121
619-236-1414

## NOTICE TO PLAINTIFF AND SUPERIOR COURT

17. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing and any attendant supplementary papers required by this Court will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Diego.

## RESERVATION OF RIGHTS

18. Defendant, by filing this Notice of Removal, does not waive any defenses or objections available to it under the law. Defendant reserves the right to amend or supplement this Notice of Removal.

Dated: September 7, 2023

Respectfully submitted,

DENTONS US LLP

By: /s/ *Norman M. Aspis*
    Sandra D. Hauser (*pro hac app*)
    Jeffrey A. Zachman (*pro hac app*)
    Norman M. Aspis

Attorneys for Defendant
METROPOLITAN TOWER LIFE INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I, Norman M. Aspis, declare that I am over the age of 18 years and am not a party to this case. I am counsel of record and am employed in the state of California, where my business address is 4655 Executive Drive, Suite 700, San Diego, CA 92121.

On September 7, 2023, I served the foregoing document:

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

On counsel for Plaintiff in the Action, as follows:

NICHOLAS & TOMASEVIC, LLP
Craig M. Nicholas
Alex Tomasevic
225 Broadway, 19th Floor
San Diego, CA 92101
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org

WINTERS & ASSOCIATES
Jack B. Winters
Sarah Ball
8489 La Mesa Boulevard
La Mesa, CA 91942
Email: jackbwinters@earthlink.net
Email: sball@einsurelaw.com

By causing it to be placed in an envelope addressed to each interested party as set forth above. Prepaid postage was affixed to the envelope, which was then deposited for mailing with the U.S. Postal Service.

Additionally, courtesy copies of the foregoing document were served on the above-listed counsel for Plaintiff via email.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 7, 2023, at San Diego, California.

                           _/s/ *Norman M. Aspis*_
                                Norman M. Aspis